**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALLEN SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-00084-MTS |
| ) | |
| TOGETHER CREDIT UNION, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Legal Representation, Doc. [33]. For the reasons that follow, the Court will deny Plaintiff's motion at this time.

\*

This case arises out of an altercation that occurred at a Together Credit Union in St. Louis, Missouri. Plaintiff alleges that he visited the bank on May 14, 2022, intending "to deposit a $10,000 check and to pay any charges owed on his account." Doc. [1] at 5. He says that he "was treated in a hostile and unprofessional manner" when bank employees informed him that his account was closed, his account could not be reinstated, and the Credit Union would no longer do business with him. *Id.* The employees also "questioned the validity of [his] check." *Id.* Plaintiff asserts that a bank supervisor grabbed him and ordered that his phone be taken away when the supervisor learned that Plaintiff was recording the interaction. *Id.* Plaintiff asserts that Together Credit Union "profiled" him and discriminated against him "because of the way [he] look[s]." *Id.* at 6. He brings suit under federal anti-discrimination statutes[1] for "discrimination in a public place of business." Plaintiff also brings claims for "harassment and emotional distress," *id.* at 5, and he

---

[1] Plaintiff does not specify the statute or statutes under which he is suing. Doc. [1] at 3 (identifying only "the laws enforced by the EEOC").

alleges that the "incident has caused endless nights of complete shame and embarrassment." *Id.* at 6. He seeks $75,000 in damages from Defendant.

Plaintiff now moves the Court to appoint him an attorney. Doc. [33]. He describes the steps he has taken to retain his own legal representation and states that at least seven attorneys or legal-aid organizations have declined to take his case. *Id.* Because Plaintiff resides in Arizona, he explains that he has had difficulty communicating with potential attorneys in Missouri. *Id.* The Court does not find that appointing Plaintiff an attorney is warranted at this time.

First, the Court acknowledges that it previously denied Plaintiff's application to proceed *in forma pauperis* in this matter. Doc. [6]; *see* 28 U.S.C. § 1915(a)(1) (permitting federal courts to authorize civil proceedings where plaintiff demonstrates he or she is unable to pay filing fees). Section 1915(e)(1) authorizes federal courts to "request an attorney to represent any person *unable to afford* counsel." (emphasis added). Moreover, the Local Rules of the Eastern District of Missouri specify that "attorneys . . . will be required to represent without compensation *indigent* parties in civil matters when so ordered." E.D. Mo. L.R. 12.01(I). At present, there has been no determination that Plaintiff is indigent, nor does Plaintiff assert in his Motion that he cannot afford an attorney. Instead, Plaintiff merely asserts that, of the attorneys with whom Plaintiff has consulted, none has agreed to take his case. Thus, it is not clear that the Court has a basis to grant the relief that Plaintiff seeks.[2]

But even if Plaintiff sufficiently represented that he could not afford an attorney, the Court would not appoint one now. "There is no constitutional or statutory right to appointed counsel in

---

[2] Title VII of the Civil Rights Act permits courts to appoint counsel for a complainant "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). However, Title VII broadly applies to employment discrimination, *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 259 (1981) ("Title VII prohibits all discrimination *in employment* based on race, sex, and national origin (emphasis added)), and Plaintiff makes no allegations concerning an employment relationship with Defendant.

civil cases." *Phillips v. Jasper County Jail*, 437 F.3d 791, 793 (8th Cir. 2006). When determining whether to appoint counsel for an indigent, pro se litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his or her claims. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In certain discrimination cases, other relevant factors include: "(1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim." *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984).

After balancing the above factors, the Court finds that they do not weigh in favor of appointing counsel. Although Plaintiff has attempted to secure counsel, the Court has previously deemed Plaintiff's financial resources sufficient to proceed in this case without financial assistance. In addition, Plaintiff's allegations in his complaint are sparse such that "it is difficult to assess the merits of Plaintiff's claims at this early stage of litigation." *Perkins v. Davis*, 4:14-cv-1755-SPM, 2015 WL 45999300, at *2 (E.D. Mo. July 29, 2015). Furthermore, based upon the complaint, it appears this case is factually and legally straightforward, and there is no indication that plaintiff will be unable to investigate the facts. The Court will therefore deny the motion for the appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Legal Representation, Doc. [33], is **DENIED** without prejudice.

Dated this 23rd day of January 2025.

                                                                            MATTHEW T. SCHELP
                                                                            UNITED STATES DISTRICT JUDGE